UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COURTNEY BRYANT,

      Plaintiff,                            Case No. 24-13371

v.                                     F. Kay Behm
                                     United States District Judge

ALLY FINANCIAL,

                                     David R. Grand
      Defendant.                  United States Magistrate Judge
_____/

**OPINION AND ORDER ACCEPTING AND ADOPTING MAGISTRATE JUDGE'S JANUARY 7, 2026 REPORT AND RECOMMENDATION (ECF No. 23), GRANTING DEFENDANT'S MOTION TO DISMISS (ECF No. 15), AND <u>ALLOWING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT</u>**

## I.    PROCEDURAL HISTORY

Plaintiff, Courtney Bryant, brought this Title VII employment discrimination action against his former employer, Defendant Ally Financial. (ECF No. 1).  Shortly thereafter, Plaintiff filed an Amended Complaint.  (ECF No. 5).  This matter was referred to Magistrate Judge David R. Grand for all pretrial proceedings.  (ECF No. 8).  Defendant filed a motion to dismiss the Amended Complaint.  (ECF No. 15).  Judge Grand issued a report and recommendation, recommending that all Plaintiff's claims be dismissed, but that Plaintiff be allowed to amend his complaint a second time to assert

1

claims of retaliation under the so-called "opposition clause" found in Title VII's retaliation provision.  (ECF No., 23).  Plaintiff filed objections to the report and recommendation (ECF No. 24) and Defendant filed a response to the objections.  (ECF No. 26).

For the reasons set forth below, the court **OVERRULES** Plaintiff's objections, **ACCEPTS** and **ADOPTS** the report and recommendation, **GRANTS** the motion to dismiss the amended complaint, and will allow Plaintiff the opportunity to amend his complaint to assert his retaliation claims under Title VII's opposition clause, as more fully set forth herein. Plaintiff's second amended complaint must be filed within 14 days of entry of this Order.

## II.    LEGAL STANDARD

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review.  28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(1)-(3).  This court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*.  "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings,

recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'"  *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018).  Objections that dispute the general correctness of the report and recommendation are improper.  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious."  *Id*. (citing *Howard v. Sec'y of Health and Human Servs*., 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute").  In sum, the objections must be clear and specific enough that the court can squarely address them on the merits.  *See Pearce*, 893 F.3d at 346. And, when objections are "merely perfunctory responses . . . rehashing . . . the same arguments set forth in the original petition, reviewing courts should review [a Report and Recommendation] for clear error."  *Ramirez v. United States*, 898 F.Supp.2d 659, 663 (S.D.N.Y. 2012); *see also Funderburg v. Comm'r of Soc. Sec*., No. 15-10068, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016) (Hood, J.) (noting that the plaintiff's objections merely restated his

summary judgment arguments, "an approach that is not appropriate or sufficient").

## III.   ANALYSIS

The court assumes familiarity with the Report and Recommendation and the factual background.

Objection No. 1

To the extent that in this objection Plaintiff objects generally to the report and recommendation because "it repeatedly construes factual ambiguities against Plaintiff rather than in his favor," such a general objection is not proper.  As set forth above, objections that dispute the general correctness of the report and recommendation are improper.  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).  However, the court will address the two specific examples cited by Plaintiff.  First, Plaintiff contends that the R&R's conclusion that "nowhere in the amended complaint does Bryant assert that the alleged conduct was unwelcome" overlooks the allegations that Plaintiff declined a hotel invitation, declined a follow up date, rejected an offer to "send over other girls," and ignored subsequent Instagram communications. According to Plaintiff, viewed in the light most favorable to him, these facts plausibly allege that the advances were unwelcome.  Plaintiff also points to

the fact that he informed Defendant that the complaint was filed in retaliation for Plaintiff's refusal to engage in further personal or romantic interaction, which he says plausibly supports that the conduct was unwelcome and based on sex.

Even if Plaintiff's allegations above could show that the conduct was unwelcome and based on sex,[1] Plaintiff's hostile work environment claims still fail because the allegations in the complaint do not plausibly show that the alleged harassment was severe or pervasive.  As the Magistrate Judge explained, "at the motion-to-dismiss stage, a plaintiff is not required to plead facts establishing a prima facie case of a hostile work environment." *Bell v. Dollar Tree, Inc.*, 2025 WL 3252656, at *10 (E.D. Mich. Nov. 21, 2025) (internal quotation marks omitted).  But he still must allege that his workplace was permeated with discriminatory intimidation, ridicule, and insult that was sufficiently severe and pervasive to alter the conditions of the victim's employment and create an abusive working environment.  *See Bell*, 2025 WL 3252656, at *10.  To meet this standard, a plaintiff must plead conduct that is both objectively and subjectively severe and pervasive – that is, "the conduct

---

[1] *See* Collin Christner, Note, *Unwelcomeness Reconsidered*,  124 Mich. L. Rev. 941 (forthcoming April 2026) (explaining why "the majority of disputes over unwelcomeness require credibility determinations that ought to survive dispositive motions").

must be severe or pervasive enough to create an environment that a reasonable person would find hostile or abusive and the victim must subjectively regard that environment as abusive." *Warf v. U.S. Dep't of Veterans Affairs*, 713 F.3d 874, 878 (6th Cir. 2013) (internal quotation marks omitted).

Plaintiff alleges that he declined a hotel invitation from the Ally employee, declined a follow up date, rejected an offer to "send over other girls," and ignored subsequent Instagram communications. The Magistrate Judge correctly concluded that Plaintiff does not otherwise allege in his amended complaint that her conduct had any impact on his ability to perform his job duties. That is, the allegations in the complaint do not satisfy Plaintiff's burden to plead that he was subjected to sexual harassment that interfered with his work performance. *See Brown v. RCO Eng'g Inc.*, 2024 WL 1019258, at *5 (E.D. Mich. Mar. 8, 2024).

Additionally, the Magistrate Judge correctly concluded that the conduct described in the complaint was not sufficiently severe or pervasive. The Magistrate Judge explained that case law holds that isolated incidents, such as the ones about which Plaintiff complains, are not sufficiently severe or pervasive so as to unreasonably interfere with an individual's work

6

performance and create an objectively intimidating, hostile, or offensive work environment.  Indeed, isolated instances of harassment are not sufficiently severe, frequent, threatening, or humiliating to demonstrate the objectively hostile or abusive work environment necessary to sustain a Title VII sexual harassment claim.  *See Harrell v. Delaware N. Cos*., 642 F. App'x 543, 546 (6th Cir. 2016) (affirming dismissal of plaintiff's Title VII hostile environment sexual harassment claim where the plaintiff alleged only two particular incidents directed to her personally – once where, at a bar following a work function, her direct supervisor asked about her sex life and if she "liked sex," and another where a coworker addressed her as "Toots").  "While there is no magic number of incidents that must occur within a certain period, when comparing the conduct about which [Plaintiff] complains to the conduct alleged in cases within this Circuit where a hostile work environment was found to exist, [Plaintiff's] claim does not favorably compare."  *Hunter v. Gen. Motors LLC*, 2019 WL 1436847, at *10 (E.D. Mich. Mar. 31, 2019), aff'd, 807 F. App'x 540 (6th Cir. 2020) (citing *Clay v. United Parcel Serv., Inc*., 501 F.3d 695, 707 (6th Cir. 2007) (The Sixth Circuit concluded that 15 incidents over a two-year period was not sufficiently pervasive.).  Here, Plaintiff alleges that he declined a hotel invitation from the Ally employee, declined a follow up date,

rejected an offer to "send over other girls," and ignored subsequent Instagram communications.  These incidents may have been bothersome, but even in their totality, they are not so severe and pervasive that they should interfere with an employee's work performance.  Accordingly, the Magistrate Judge correctly found that the Amended Complaint did not plead conduct that was sufficiently severe or pervasive to state a claim for hostile work environment sexual harassment and the objection is **OVERRULED**.

Objection No. 2

Plaintiff objects that the R&R dismisses Plaintiff's sexual harassment claim by treating "contextual" social interaction as dispositive proof that overall conduct that continued until the HR complaint was filed was unwelcome.  Plaintiff says this is a fact-intensive inquiry inappropriate for resolution on a motion to dismiss.  Again, even if Plaintiff could show that he properly pleaded that the conduct by the Ally employee was unwelcome, his hostile work environment claims still fail for the reasons set forth above. Accordingly, the objection is **OVERRULED**.

Objection No. 3

Plaintiff objects that the R&R applies an overly narrow interpretation of "because of sex."  More specifically, Plaintiff alleges that the R&R disregards

authority recognizing that retaliation following rejected romantic or sexual advances may constitute sex-based harassment and gender-based stereotypical and retaliatory misuse of sexual misconduct allegations fall within Title VII's scope.  Plaintiff does not, however, cite any authorities that the Magistrate Judge purportedly disregarded in the R&R, leaving the court to guess what this general criticism of the R&R means.  The Objection is, therefore, **OVERRULED**.

Objection No. 4

In this Objection, Plaintiff alleges that the R&R improperly isolates a single social encounter while disregarding the entire course of conduct including the investigation process, the withholding of investigative findings, the revival of a previously closed corporate card inquiry, termination, and exaggeration or mischaracterization of the rationale for termination.

Plaintiff does not allege in the Amended Complaint that the foregoing alleged additional incidents of harassment are discriminatory.  Importantly, the Sixth Circuit distinguishes between harassment and *discriminatory* harassment.  *Trepka v. Bd. of Educ.*, 28 F. App'x 455, 461 (6th Cir. 2002) (citing *Bowman v. Shawnee State Univ.*, 220 F.3d 456, 464 (6th Cir. 2000)); *see also Graves v. Dayton Gastroenterology, Inc.*, 657 F. App'x 485, 489 (6th Cir. 2016)

9

(To be actionable, the harassment must establish that members of one sex are exposed to disadvantageous terms or conditions of employment to which the members of the other sex are not exposed. "This typically includes explicit or implicit proposals of sexual activity, as well as non-sexual conduct that evinces anti-female animus.") (citations and internal quotation marks omitted)). An employee must allege that the allegedly harassing conduct was motivated by a bias towards the employee's protected class, here, gender. *Id*. (citing *Faragher v. City of Boca Raton*, 524 U.S. 775, 778 (1998)). Other than the conclusory allegation that Plaintiff is a member of a protected class because he is male, the allegations in the Amended Complaint regarding the investigation do not suggest the conduct was motivated by Plaintiff's gender. Accordingly, the objection is **OVERRULED**.

Objection No. 5

The Magistrate Judge concluded that Plaintiff's retaliation claim found in Count III of the Amended Complaint should be dismissed to the extent it relies on the "participation" clause, but he should be allowed to amend the complaint to more clearly plead an "opposition" clause claim. As the Magistrate Judge explained, Title VII protects current and former employees from retaliation against two types of conduct. First, the statute prohibits

employers from retaliating against an employee because he "opposed" a "practice" proscribed under Title VII.  42 U.S.C. § 2000e-3(a).  Second, it prohibits employers from retaliating against an employee for "participat[ing] ... in an investigation, proceeding, or hearing ...." *Id*.  The first clause is known as the "opposition clause" and the second as the "participation clause." *Crawford v. Metro. Gov't of Nashville and Davidson Cty.*, 555 U.S. 271, 274 (2009).  The Magistrate Judge held that Plaintiff's allegations that he participated in Ally's investigation and disputed the allegations of harassment levied against him constituted protected activity was contrary to the Sixth Circuit's holding in *Donaldson v. DeJoy*, 2024 WL 3493870, *4 (6th Cir. May 1, 2024) that participating in an employer's internal investigation was only protected activity if the investigation occurs "pursuant to a pending EEOC charge." (citation and quotation marks omitted).  Nothing in the Amended Complaint suggests that an EEOC charge was pending when Plaintiff was interviewed, therefore the Magistrate Judge concluded his participation in the internal investigation was not protected activity and he failed to sufficiently plead a retaliation claim under this clause.

Plaintiff claims in his objection that *Donaldson v. DeJoy* is factually distinguishable because the plaintiff there did not allege that he was

11

questioned during an internal investigation of discrimination or that he was compelled to provide statements in response to allegations of harassment. Factual differences aside, the case on which *DeJoy* relies, which is a published Sixth Circuit opinion makes clear that "Title VII protects an employee's participation in an employer's internal investigation into allegations of unlawful discrimination *where that investigation occurs pursuant to a pending EEOC charge*." *Abbott v. Crown Motor Co.*, 348 F.3d 537, 543 (6th Cir. 2003) (emphasis added) (citing *EEOC v. Total Sys. Serv., Inc.*, 221 F.3d 1171, 1174 n. 2 (11th Cir. 2000) (The participation clause protects an employee's activities that "occur in conjunction with or after the filing of a formal charge with the EEOC," not an employee's participation "in an employer's internal, in-house investigation, conducted apart from a formal charge with the EEOC"; at a minimum, an employee must have filed a charge with the EEOC or otherwise instigated proceedings under Title VII.); *Brower v. Runyon*, 178 F.3d 1002, 1006 (8th Cir.1999) (For activity to receive protection under the participation clause, there must be, at a minimum, "factual allegations of discrimination against a member of a protected group and the beginning of a proceeding or investigation under Title VII."); *Vasconcelos v. Meese*, 907 F.2d 111, 113 (9th Cir.1990) (Plaintiff did not engage in protected

12

activity when she lied during an Internal Affairs Investigation by the Marshal's Service, not during any EEOC investigation, because Title VII protects only "[a]ccusations made in the context of charges before the Commission.")). Plaintiff did not allege in his Amended Complaint that he was interviewed in connection with an investigation of allegations of unlawful discrimination pursuant to a pending EEOC charge.  Accordingly, the Magistrate Judge properly concluded that Plaintiff cannot establish claim under the participation clause.  *Crawford v. Metro. Gov't of Nashville & Davidson County*, 555 U.S. 271 (2009) is not to the contrary.  The *Crawford* decision addressed the opposition clause and held that employee statements during an investigation may be covered under that clause.  Accordingly, Plaintiff's objection to the Magistrate Judge's conclusion that he failed to state a retaliation claim under the participation clause is **OVERRULED**.

Plaintiff also seems to object to the Magistrate Judge's recommendation that he be allowed to amend his complaint to sufficiently state a retaliation claim based on the opposition clause.  To the extent that Plaintiff's objections suggest that he has already sufficiently done so, the court concludes that a review of the Amended Complaint and the report and recommendation reveal otherwise.  As the Magistrate Judge explained, in

13

reviewing Plaintiff's Amended Complaint, his response to the motion to

dismiss, and considering his statements at oral argument, it appeared that

Plaintiff was trying to involve the opposition clause in two ways:

> First, Bryant appears to allege that by denying the
> other Ally employee's allegations of sexual
> harassment and answering the questions he was
> asked by Human Resources, truthfully and in good
> faith, he was "opposing a practice [he] believed to be
> unlawful under Title VII." (ECF No. 5, PageID.24, 27;
> ECF No 17, PageID.106). He then asserts that he was
> terminated in retaliation for this "opposition." (ECF
> No. 5, PageID.27; ECF No. 17, PageID.105-07).

(ECF No. 23, PageID.179).  But the Magistrate Judge concluded that the

Amended Complaint did not allege any facts demonstrating that Plaintiff

opposed a practice proscribed by Title VII.  To oppose unlawful conduct, an

employee must "communicate[] to [his] employer a belief that the employer

has engaged in ... a form of employment discrimination."  *Crawford*, 555 U.S.

at 276 (internal quotation marks omitted).  As the Magistrate Judge

concluded, Plaintiff alleges no such communications in his amended

complaint:

> While Bryant alleges that he denied harassing the
> other employee and indicates that he presented his
> version of the events to Human Resources, at no
> point does Bryant allege that he accused the other
> employee of harassing him. In other words, Bryant did

14

not report sexual harassment; he only denied allegations lodged against him. Because Bryant did not communicate to Ally that he perceived the other employee's advances to be unlawful, his amended complaint fails to allege protected opposition under § 2000e-3(a).

(ECF No. 23, PageID.180).  The court agrees with the Magistrate Judge's conclusion that Plaintiff should be allowed to amend his complaint to assert more specific details about the retaliation he seeks to plead under the opposition clause.  Accordingly, the objection, to the extent it suggests that the Amended Complaint sufficiently stated a retaliation claim under the opposition clause is **OVERRULED**.  Plaintiff may file an amended complaint to attempt to cure the deficiencies identified in the report and recommendation as his retaliation claim under the opposition clause only.

Objection No. 6

Here, Plaintiff objects to the report and recommendation's conclusion that denying false allegations does not constitute protected opposition. Plaintiff argues that opposition activity includes resisting, correcting, or objecting to conduct reasonably believed to be unlawful under Title VII. Plaintiff says he "plausibly alleged that he opposed retaliatory misuse of sexual harassment processes and was terminated as a result."  (ECF No. 24,

15

PageID.196).  In the first instance, Plaintiff cites no authority in support of his

contentions.  Second, the objection appears to be duplicative of Objection

No. 5 to the extent it argues that Plaintiff's Amended Complaint sufficiently

stated a retaliation claim under the opposition clause.  Again, Plaintiff may

amend his complaint to fully describe his retaliation claims under the

opposition clause.  The objection is **OVERRULED** for the same reasons set

forth above.

Objection No. 7

In this objection, Plaintiff argues that the report and recommendation

acknowledges that false employer statements to an unemployment agency

may constitute materially adverse action but does not preserve this claim.

Defendant points out, however, that the report and recommendation does

preserve this claim.  As explained in the report and recommendation,

> [W]hile not explicitly pled in his amended complaint,
> Bryant also asserts in his response brief that his filing
> of a "whistleblower complaint" with Ally's internal
> hotline in May of 2024 constitutes additional
> protected activity for purposes of a retaliation claim.
> (ECF No. 17, PageID.104-05). Apparently, Bryant
> believes that such action constitutes opposing a
> practice proscribed by Title VII. Bryant then alleges
> that Ally took adverse action against him for engaging
> in this protected activity by providing false
> statements to the Unemployment Insurance Agency

> ("UIA") – specifically, by indicating that he was fired for "unbecoming conduct toward co-workers," which violated company policy, and of which he "had received past warnings." (*Id*., PageID.104). Bryant contends that Ally's "false" statements caused the denial of unemployment benefits. (*Id*.).

(ECF No. 23, PageID.181).  The Magistrate Judge concluded that, depending on the timing of the events at issue, it is possible that Bryant could successfully plead claim of retaliation in this regard.  The Magistrate Judge point out that, in his response brief, Plaintiff asserted that he filed his "whistleblower complaint" in May of 2024, but did not allege when Ally communicated the allegedly false reasons for his termination to the UIA. According to the report and recommendation, this detail matters because, depending on whether any such communication by Ally was made before or after Plaintiff filed his "whistleblower complaint," he could potentially plead a claim of retaliation under the opposition clause.  Thus, the Magistrate Judge concluded it was appropriate to allow Plaintiff to file a second amended complaint that more clearly identifies the facts underpinning this aspect of his retaliation claim under the opposition clause.  The court agrees with the Magistrate Judge that Plaintiff should be allowed the opportunity to amend his complaint to assert this claim.  Thus, Plaintiff's objection is **OVERRULED**.

## IV.  CONCLUSION

For the reasons set forth above, the court **OVERRULES** Plaintiff's

objections, **ACCEPTS** and **ADOPTS** the report and recommendation,

**GRANTS** the motion to dismiss the amended complaint, and will allow

Plaintiff the opportunity to amend his complaint to assert his retaliation

claims under Title VII's opposition clause, as more fully set forth herein.

Plaintiff's second amended complaint must be filed within 14 days of entry of

this Order.

**SO ORDERED**.

Date: March 16, 2026                               s/F. Kay Behm
                                                   F. Kay Behm
                                                   United States District Judge